IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKE ANDERSON, | ) |
|       Plaintiff, | ) |
| vs. | ) No. CIV-18-238-C |
| BOARD OF COUNTY COMMISSIONERS OF STEPHENS COUNTY, a political subdivision of the State of Oklahoma, | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following his termination, Plaintiff sued his previous employer alleging his termination violated Title VII. According to Plaintiff, his termination was the result of retaliation for complaining of instances of sexual misconduct. Plaintiff began working for Defendant in October of 2010 and was terminated in December 2017. During discovery, Defendant served a subpoena duces tecum on one of Plaintiff's previous employers, non-party Office of Juvenile Affairs ("OJA"). Plaintiff has moved to quash that subpoena.

Plaintiff argues that the information sought by the subpoena lacks relevance to the claims raised in this action.[1] According to Plaintiff, he began working for OJA in 1978 and left in April 2008. The subpoena issued by Defendant requests Plaintiff's personnel file for this entire 30-year span. Defendant argues it is entitled to the information because

---

[1] Typically, a third party to a subpoena can only object to raise a claim of personal right or privilege. However, as Defendant has not objected on that ground, the Court will consider Plaintiff's objection on the merits. 9A Wright & A. Miller, Federal Practice and Procedure, § 2459 (2018).

it has learned from other sources that Plaintiff was terminated by the OJA for misconduct and dishonesty. Defendant argues this information was not provided before Plaintiff was hired, and had it been known Plaintiff might not have been hired or might have been terminated earlier. In this regard, Defendant relies on the after-acquired evidence doctrine.

The Court is unpersuaded by Defendant's arguments. First, seeking nearly 30 years of employment records is overbroad. None of Defendant's arguments support the need for such an extensive probe into Plaintiff's employment history. Rather, the scope of Defendant's request makes clear that it is on a fishing expedition, hoping to dredge up some artifact. Further, Defendant's arguments that it might have terminated Plaintiff had it known of the reasons behind his departure from the OJA carry little weight. Plaintiff was employed by Defendant for more than seven years. It strains credulity to assert that such a long-term employee would have been terminated for something that may or may not have occurred several years before being employed by Defendant. To the extent Defendant argues that the OJA records may provide some basis to challenge Plaintiff's credibility at trial via Fed. R. Evid. 404(b), this, too, fails, as the potential evidence would not be more probative than prejudicial due to the temporal issue. Further, allowing Defendant to use records from the OJA would result in a mini-trial, as Plaintiff would then be permitted to put on counter evidence contesting the OJA's assessment. This also renders the information sought more prejudicial than probative.

For the reasons set forth more fully herein, Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to Third Party (Dkt. No. 11) is GRANTED. Defendant's subpoena to the Office of Juvenile Affairs is QUASHED.

IT IS SO ORDERED this 3rd day of July, 2018.

ROBIN J. CAUTHRON
United States District Judge