IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIKE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-18-238-C |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF STEPHENS | ) | |
| COUNTY, a political subdivision of | ) | |
| the State of Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as the Stephens County Fair and Expo Center Director from 2010 until December 18, 2017. Plaintiff's termination from that job is the basis of this lawsuit. Plaintiff alleges he was terminated because he had reported another Fairgrounds employee's sexual harassment complaint and Defendant retaliated for that action. Defendant denies these allegations and argues that Plaintiff was terminated because the findings of an audit conducted by the Oklahoma Office of the State Auditor and Inspector revealed potential wrongdoing and deficiencies in his job performance.

In March of 2016, Fairgrounds employee Lane made a comment to employee Davis that Plaintiff construed as sexual harassment. Plaintiff reported that to County Commissioner McCarley. Then, on January 31, 2017, employee Davis reported to Plaintiff alleged behavior by a different Fairgrounds employee that Davis considered to be sexually harassing. Plaintiff relayed that incident to Commissioner Churchman. Prior to the second report, on October 3, 2016, the Board had proposed a Fairgrounds audit be

conducted by the State Auditor's Office. In December of 2016, the Board approved hiring the Auditor's Office to conduct the audit. The final request to the State Auditor Inspector's Office occurred in April of 2017.

When the audit findings were returned, in November 2017, it was the opinion of Commissioner Churchman and Commissioner Bowen that the audit's findings supported termination of Plaintiff because of poor job performance. Indeed, it is undisputed Churchman and Bowen both believed that the audit provided grounds to terminate Plaintiff's employment. As noted, Plaintiff was terminated on December 18, 2017.

Plaintiff brought the present action alleging that his termination was in violation of Title VII because it occurred in retaliation for his reports of sexual harassment on behalf of Fairgrounds employee Davis. Defendant denies this allegation and argues that there was a legitimate, non-discriminatory purpose for Plaintiff's termination. In support of its position, Defendant has filed a Motion for Summary Judgment raising two arguments. First, Defendant argues that Plaintiff cannot make a prima facie case of retaliation because the time period between the report of harassment and ultimate termination was lengthy. Second, Defendant argues that Plaintiff cannot demonstrate that the grounds offered for Plaintiff's termination were a mere pretext.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be

granted only when the moving party has established the absence of any genuine issue as to a material fact. Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Because Plaintiff does not present direct evidence of retaliation, the McDonnell-Douglas[1] burden-shifting framework applies. To state a prima facie case of retaliation under Title VII Plaintiff "'must show that: (1) []he engaged in protected activity; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action.'" Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008) (quoting Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1123-24 (10th Cir. 2007)).

Defendant concedes that Plaintiff has satisfied the first two elements of a prima facie case but argues that he cannot satisfy the third. According to Defendant, in his attempt to satisfy the causal connection requirement, Plaintiff argues an inference of a retaliatory motive exists because the protected conduct was closely followed by an adverse action. Defendant responds noting that the length of time between Plaintiff reporting the alleged sexual harassment and his ultimate termination was nearly a year. According to Defendant, this makes the adverse action too temporally remote to suggest a causal connection. Indeed, the Tenth Circuit has held that a 9-month period between the protected activity and the adverse action is "too temporally remote to support an inference of causation." Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1182 (10th Cir. 2006). Defendant argues that since Plaintiff's termination did not closely follow the alleged

---

[1] See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

protected activities, he "must offer additional evidence to establish causation." O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001). According to Defendant, Plaintiff has failed to offer such evidence.

In response, Plaintiff argues the time between his report of sexual harassment and the beginning of the retaliation is much shorter than Defendant suggests. Plaintiff notes that in early March of 2017, Commissioner Churchman placed Plaintiff's termination on the Board agenda for executive session. This action was only a few weeks after the second report of harassment. Plaintiff directs the Court to notes from that Board session where Commissioner Churchman stated that Plaintiff "has suggested to a current employee that she litigate against the county because of her job title." (Pl.'s Resp., Dkt. No. 47-4, p. 1.) According to Plaintiff, this is evidence of Defendant's intent to retaliate against him for engaging in protected conduct. Plaintiff asserts that beginning with that March Board meeting, the wheels were set in motion trending towards his termination; thus, Plaintiff argues, when examining the temporal proximity, the Court must consider those activities.

At this stage, the Court must view the evidence in the light most favorable to Plaintiff. Matsushita Elec. Indus. Co., 475 U.S. at 587. Viewed in this manner, the Court finds Plaintiff has raised a question of material fact regarding the causal connection and thereby established a prima facie case of retaliation.

Defendant argues that even if Plaintiff makes a prima facie case, his claim still fails. According to Defendant, Plaintiff cannot demonstrate that the basis for his termination was

pretextual and for the purpose of hiding discriminatory actions. Here, Defendant has proffered a legitimate non-discriminatory basis for Plaintiff's termination, i.e., Commissioners Bowen's and Churchman's belief that the audit report supported that action.² Thus, the burden shifts to Plaintiff to overcome that proffer "by demonstrating weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in those reasons, thereby establishing them as pretextual. See Luster v. Vilsack, 667 F.3d 1089, 1092 (10th Cir. 2011) (citing Swackhammer v. Sprint/United Mgmt. Co., 493 F.3d 1160, 1167 (10th Cir. 2007)).

Plaintiff attempts to meet his burden by offering several arguments related to the findings of the audit, in effect arguing that he holds opinions about the facts different than the auditor. However, Plaintiff has failed to offer any evidence demonstrating that there is a question regarding Commissioner Churchman's or Commissioner Bowen's belief that the audit offered a legitimate ground for terminating Plaintiff. Indeed, he concedes those facts as undisputed when responding to the summary judgment motion. See Dkt. No. 47, pp.13-14.

Even if Commissioners Bowen's and Churchman's understanding of the audit was incorrect or unwise, that does not render reliance on it pretextual. As the Tenth Circuit has stated, "'[t]he relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good

---

² As noted above, plans for the audit began in October 2016, with the final finding released in November 2017.

faith upon those beliefs.'" Rivera v. City & Cnty. of Denver, 365 F.3d 912, 924-25 (10th Cir. 2004) (quoting Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1318 (10th Cir. 1999)). Thus, even if the findings of the audit were incorrect, Plaintiff must still offer some evidence demonstrating that Commissioners Churchman and Bowen could not have acted in good faith in relying on the findings of the audit in his termination. On this issue Plaintiff has failed to offer any evidence from which a reasonable jury could find in his favor. Accordingly, the Court finds that Defendant is entitled to summary judgment.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 41) is GRANTED. Plaintiff also filed an Unopposed Motion for Extension of Time to respond to the Motion for Summary Judgment. However, Plaintiff timely filed a response; therefore, that Motion for Extension of Time (Dkt. No. 46) is DENIED AS MOOT. A separate judgment will issue.

IT IS SO ORDERED this 18th day of March, 2019.

ROBIN J. CAUTHRON
United States District Judge